**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | |
| v. | ) | No. 13-10080 |
| | ) | |
| LAWRENCE M. SIMONS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on defendant's Motion to Suppress Statements (Doc. 48). The government has filed a response (Doc. 50). The court held a hearing on November 19, 2013, at which counsel for the parties stated their positions with respect to the motion.

Defendant's motion seeks to suppress certain evidence relating to a custodial interview defendant had with Wichita Police Detective Daniel McFarren on April 30, 2013.[1] Defendant previously provided the court with a compact disc containing an audio recording of the challenged interview. Defendant was given a <u>Miranda</u> warning at the outset of the interview, and he does not dispute that he voluntarily waived his right to remain silent and proceeded to answer numerous questions. But at points during the interview defendant was silent in the face of certain factual assertions by the detective. Defendant argues that under <u>Doyle v. Ohio</u>, 426 U.S. 610 (1976), the government

---

[1] Defendant was in custody on an offense separate from the instant charge. He does not claim that his Sixth Amendment right to counsel was violated by virtue of the detective approaching him and asking questions about the instant offense.

is prohibited from using his silence in any way and may not introduce such evidence to the jury.

In response, the government states it "does not intend to offer in its case-in-chief, nor does it intend to comment upon, the defendant's silence in response to any of Detective McFarren's questions." Doc. 50 at 2. It does say it may seek permission to use such evidence if defendant "opens the door" to it in his testimony at trial.

Doyle prohibits use of a defendant's post-arrest silence following a Miranda warning. As such, the government may not use defendant's silence during the interview for the purpose of drawing a negative inference. There is a narrow impeachment exception, however, which allows the prosecution to use evidence of post-arrest silence to challenge a defendant's trial testimony about his behavior following arrest. Thus, evidence of silence may be used "to contradict a defendant who testifies to an exculpatory version of events and claims to have told the police the same version upon arrest." Doyle, 426 U.S. at 619, n. 11. Unless such an impeachment situation arises at trial, the government will be prohibited from using or commenting upon defendant's silence at any point during the April 30, 2013 interview. This ruling does not prohibit the government from introducing evidence of defendant's responses to questions during the interview. See Anderson v. Charles, 447 U.S. 404, 408 (1980) ("Doyle does not apply to cross-examination that merely inquires into prior inconsistent statements. Such questioning makes no unfair use of silence because a defendant who voluntarily speaks after receiving Miranda warnings has not been induced to remain silent. As to the

subject matter of his statements, the defendant has not remained silent at all.").

Defendant's second argument is that he invoked the right to counsel during the interview but the detective continued to ask questions. Defendant contends he invoked the right to counsel about 55 minutes in to the interview, when he told the detective he was uncomfortable discussing claims about a firearm without the assistance of counsel. (Doc. 48 at 4). The government argues this assertion was ambiguous. It contends defendant did not make an unambiguous request for the assistance of counsel until 1 hour and 32 minutes in to the interview.

> The Tenth Circuit recently summarized the relevant standard:
>
> In <u>Edwards v. Arizona</u>, 451 U.S. 477, 484-85, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), the Supreme Court established a bright-line rule that when a suspect has "expressed his desire to deal with the police only through counsel, [he] is not subject to further interrogation by the authorities until counsel has been made available," unless he initiates the contact. The Court revisited <u>Edwards</u> in <u>Davis v. United States</u>, 512 U.S. 452, 459, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994), and clarified that a "suspect must unambiguously request counsel." The Court explained that "this is an objective inquiry[;]" a suspect "must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney." <u>Id</u>. Absent this "level of clarity, <u>Edwards</u> does not require that the officers stop questioning the suspect." <u>Id</u>. However, when the statement is clear, all questioning must stop; this bright-line rule "preserve[s] the integrity of an accused's choice to communicate with police only through counsel, by preventing police from badgering a defendant into waiving his previously asserted Miranda rights." <u>Maryland v. Shatzer</u>, 559 U.S. 98, 130 S.Ct. 1213, 1220, 175 L.Ed.2d 1045 (2010) (citations and internal quotation marks omitted).

<u>United States v. Santistevan</u>, 701 F.3d 1289, 1292 (10th Cir. 2012).

At about 51:30 into the interview, defendant commented in the

-3-

course of answering a question about a firearm that "I'm starting to get very uncomfortable with this subject, and I think I'd like to ask Ms. Barnett's [defendant's counsel] advice about this, because, ... I mean..." Defendant continued to talk at that point and did stop or clarify further about whether he in fact wanted to or was requesting to speak to his attorney. At 55:08 he again said in the course of an extended answer that "[a]nything else I feel very uncomfortable discussing without Ms. Barnett or somebody giving me advice" and "I feel uncomfortable discussing that issue about ... claims about a weapon without ... counsel like Ms. Barnett." Shortly thereafter the detective asked defendant what he meant when he said he was uncomfortable. Defendant said he was uncomfortable because it appeared he was going to be charged. He then continued to talk and answer questions without giving any objective indication that he wanted to cease questioning and talk to counsel.

Defendants' statements to the effect that he was uncomfortable without a lawyer and "I think I'd like" to ask his lawyer's advice were not unambiguous requests for counsel. His statements can be reasonably viewed as indicating only that he _might_ want to talk to an attorney or to have one present, not that he had in fact decided and was asking to consult with his lawyer or to have her present. Cf. Davis, 512 U.S. at (defendant's remark "Maybe I should talk to a lawyer" was not a request for counsel). "If a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect _might_ be invoking the right to counsel, our precedents do not require the cessation of questioning." Davis, 512

-4-

U.S. at 459. Defendant's statements did not articulate a desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney. Accordingly, defendant's motion to suppress any statements he made after the foregoing comments is denied.

Because the government concedes defendant did invoke a right to counsel one hour and thirty-two minutes into the interview, the motion will be granted with respect to any statements made by defendant after that point.

Conclusion.

Defendant's Motion to Suppress Statements (Doc. 48) is GRANTED IN PART and DENIED IN PART as stated above.

IT IS SO ORDERED.

Dated this ___20th___ day of November 2013, at Wichita, Kansas.

s/ Monti Belot

Monti L. Belot

UNITED STATES DISTRICT JUDGE