**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| v. | ) | No. 13-10080-01 |
| LAWRENCE M. SIMONS, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Before the court are the following:

1. Defendant's motion for judgment of acquittal or new trial and supporting memorandum (Docs. 64 and 65); and
2. Government's response (Doc. 66).

<u>Applicable Law</u>

The parties have stated the law applicable to the motions which will not be repeated here, except as noted.

<u>The Indictment and the Verdict</u>

Defendant was charged in a three count indictment with illegal possession of a firearm (count 1), illegal possession of ammunition (count 2) and illegal possession of controlled substances (count 3). The jury convicted defendant on counts 1 and 3 and acquitted defendant on count 2. The significance of the verdicts is that the jury understood the evidence and followed the court's instructions, including the instructions that separate consideration was to be given as to each count. Defendant does not claim that any of the court's instructions were erroneous.

<u>Judgment of Acquittal</u>

### Count 1, Illegal Possession of a Firearm

The thrust of defendant's argument is that his conviction is not supported by substantial evidence. Defendant asserts that the evidence of witnesses James Rowley and Steven Woodin was not credible. These witnesses were extensively cross-examined by defendant's very experienced counsel and counsel forcefully argued in closing that the witnesses were not credible. Ultimately, it was the jury's job to weigh the evidence and assess the credibility of these witnesses and the verdict suggests that the jurors believed their testimony. Additionally, the jury heard a recording of a jail conversation between defendant and his son (Doc. 66 at 4). The jury was able to evaluate not only defendant's words during the conversation but also his demeanor. Defendant's statements during the conversation regarding a "toy" essentially validated Rowley's and Woodin's testimony and allowed the jury to find beyond a reasonable doubt that the "toy" was the firearm. The jury's verdict on count 1 is supported by substantial evidence.

### Count 3, Illegal Possession of Controlled Substances

Defendant's argument with respect to count 3 likewise is predicated on insufficiency of evidence. However, as pointed out by the government in its response, defendant was a physician, prior to surrendering his license, which allowed him to possess the type of controlled substances found in a storage unit rented by defendant. The evidence also showed that defendant had access to the storage unit during the relevant time period and permitted the jury to find that he knowingly and intentionally had either actual or constructive possession of the drugs. The evidence that the drugs were past their

expiration dates did not affect their classification as controlled substances. The jury's verdict on count 3 is supported by substantial evidence.

## Motion for New Trial

Defendant's arguments in support of a new trial are essentially the same as those with respect to his motion for judgment of acquittal: insufficiency of evidence. The Tenth Circuit has held that a district court should grant a motion for a new trial only in exceptional cases in which the evidence preponderates heavily against the verdict. United States v. Cesareo-Ayala, 576 F.3d 1120, 1126 (10th Cir. 2009) (internal quotations and citations omitted). It didn't. No miscarriage of justice occurred here. United States v. Garcia, 182 F.3d 1165, 1170 (10th Cir. 1999), cert. denied, 528 U.S. 987 (1999). Defendant is not entitled to a new trial.

## Conclusion

Accordingly, defendant's alternative motion for judgment of acquittal or new trial is denied.

IT IS SO ORDERED.

Dated this  29th  day of January 2014, at Wichita, Kansas.

> s/Monti Belot
> Monti L. Belot
> UNITED STATES DISTRICT JUDGE