IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                 Crim. Case No. 6:13-cr-10080-JTM-1
                                                                  Civil Case No. 6:16-cv-01229-JTM

LAWRENCE M. SIMONS,

    Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on defendant Lawrence Simons' motion to vacate sentence under 28 U.S.C. § 2255 (Dkt. 94) and various related motions. For the reasons set forth herein, the court finds that the motions should be denied.

**I. Background.**

Defendant Lawrence Simons was charged by indictment with being a felon in possession of a firearm (Count 1) and ammunition (Count 2), and unlawful possession of a controlled substance (Count 3). An experienced defense attorney from the CJA Panel, Paul McCausland, was appointed to represent him. Dkt. 16. Mr. McCausland vigorously represented defendant's interests, filing successful or partially successful pretrial motions for review of bond, for investigator expenses, to subpoena documents, to exclude prejudicial evidence, to exclude evidence of prior bad acts, and to suppress evidence.

The case proceeded to a jury trial. Two witnesses who had previously worked with defendant testified they saw him in possession of a firearm – with one witness claiming to have sold the gun to defendant and the other saying he subsequently bought the gun from the defendant. The jury also heard evidence of a recorded phone call made by defendant at the Sedgwick County Jail in which he made statements indicating that he was trying to cover up his prior possession of a gun. Finally, the jury heard evidence that defendant, who was previously a physician with a DEA registration number allowing him to lawfully possess controlled substances, rented a storage facility where a large quantity of controlled substances was found long after defendant's DEA registration number had been surrendered.

The jury returned a verdict of guilty on Counts 1 and 3 and not guilty on Count 2. Dkt. 59. Defense counsel filed post-trial motions challenging the verdict, as well as sentencing briefs and objections seeking a lesser sentence. Defendant was sentenced by the Hon. Monti L. Belot to 51 months imprisonment, to be followed by three years of supervised release. Dkt. 77.

Defendant took a direct appeal to the Tenth Circuit in which he challenged the reasonableness of the sentence.[1] The Tenth Circuit affirmed the sentence, rejecting defendant's argument that the district court failed to properly consider the factors in 18 U.S.C. § 3553. Dkt. 93.

---

[1] Dkt. 93. Defendant's appeal also challenged a 24-month consecutive sentence for his violation of the conditions of supervised release in *United States v. Simons*, No. 09-cr-10032 (D. Kan.).

**II. Miscellaneous motions.**

A. <u>Motion for discovery (Dkt. 95)</u>.  Shortly after filing his § 2255 motion, defendant filed a motion seeking various forms of discovery, including "complete 'jury notes,'" the prosecutor's "interviews with all witnesses," the ATF case agent's "interviews/notes with all witnesses," and various exhibits or physical evidence related to the case.

Habeas petitioners are not entitled to discovery as a matter of ordinary course. *Curtis v. Chester*, 626 F.3d 540, 549 (10th Cir. 2010). Rather, "judges have the discretion to allow discovery in a § 2255 proceeding if the petitioner demonstrates 'good cause' for it, that is where the petitioner 'has set forth good reason to believe that he may be able to demonstrate he is entitled to relief.'" *United States v. Young*, ___F.App'x ___, 2016 WL 6134810, at *2 (10th Cir. Oct. 21, 2016) (*citing Curtis*).

Defendant fails to demonstrate good cause for the materials he seeks.[2] He identifies no substantive evidence that would be probative of any of the claims in the § 2255 motion. *Cf. Rules Governing § 2255 Cases*, Rule 6(b) (a party requesting discovery must provide reasons for the request). For example, defendant claims the discovery of "new evidence" that the ATF case agent "had multiple meetings/conversations with" defendant's former girlfriend, whom defendant blames for setting him up on the firearms charge, and he alleges there is an email showing that the agent and the former girlfriend "were on a 'first-name' basis." Dkt. 103 at 7. Defendant further claims the

---

[2] In so finding, the court has considered defendant's various filings, including Dkts. 103-106, which are filled with references to unsubstantiated, irrelevant and speculative matters, including multiple claims of "new evidence." The filings also include challenges to nearly all of the strategic choices made by defense counsel in this case.

3

agent "clearly and repeatedly lied [to the former girlfriend] to infuriate her with the defendant [sic]; and pursuant to same, encourage inculpatory allegations – whilst suppressing exculpatory evidence." Dkt. 103 at 7. This is but one example of defendant's unsubstantiated claims that there was a vast conspiracy against him. Having reviewed defendant's voluminous filings, the court concludes that he has failed to show any valid basis for discovery on his claims.

B. <u>Motion for appointment of counsel (Dkt. 103)</u>. Defendant seeks appointment of counsel on his § 2255 motion. A defendant generally has no right to counsel in the prosecution of a § 2255 motion, because the right to appointed counsel extends to the first appeal of right, and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The rules do provide for appointment of counsel when an evidentiary hearing on the claims is warranted. *Rules Governing § 2255 Cases*, Rule 8(c). For reasons set forth herein, however, the court finds that defendant is not entitled to an evidentiary hearing, and that his request for appointment of counsel should be denied.

The court may appoint counsel when "the interests of justice so require," 18 U.S.C. § 3006A(a)(2)(B), but will properly decline to do so if the issues are not complex either legally or factually, if the merits of the claim do not appear colorable, or if the defendant's pro se pleadings demonstrate he is capable of adequately articulating his claims. *United States v. Corber*, 2007 WL 1018766 (D. Kan. 2007). Defendant's arguments in his § 2255 motion are primarily-fact based and are not complex, the claims are not colorable, and the defendant appears quite capable of presenting his claims.

4

Defendant's motion also asks the court to reconsider its denial of his motion to amend the § 2255 petition. The motion asserts that defendant was hampered in his preparation of the § 2255 motion by a medical quarantine lockdown at the federal facility where he was held. Dkt. 103 at 1-3. He cites evidence that the facility was under modified operations from May 24, 2016, to June 13, 2016, during which inmates did not have access to the law library or commissary. Dkt. 94 at 15. But even if defendant did not have access to a law library during that limited time, he fails to show that he could not have timely set forth the factual basis of his claims in the § 2255 motion. Additionally, he fails to identify any plausible claims that he was unable to include in his § 2255 motion because of the lockdown. Dkts. 101, 103. As with all of defendant's filings, his request for reconsideration includes a laundry list of allegations. For example, he claims there is "new evidence/testimony of a nefarious relationship of a felonious nature between government 'witnesses' Steven Woodin and James Rowley; commensurate with 'Brady Act' violation." Dkt. 103 at 7. But defendant does not identify the evidence, does not show that it is newly discovered, does not show it could not have been discovered previously, and does not show the significance of it. The court finds defendant has failed to show any basis for reconsideration of the denial of his motion to amend.

C. <u>Motion to proceed *in forma pauperis* (Dkt. 96)</u>.   Defendant has filed an application to proceed *in forma pauperis*. The motion is denied, however, because there is no fee associated with filing a § 2255 motion. *United States v. Garcia*, 164 F.App'x 785, 786 (10th Cir. 2006). Additionally, defendant has failed to attach a receipt from the

appropriate institutional officer showing the receipts, expenditures and balances in his institutional accounts for the last six months.

### III. Defendant's § 2255 motion.

Defendant filed a § 2255 motion on June 20, 2016.[3] The motion raises five grounds for challenging defendant's conviction and/or sentence. All of the claims allege that defendant received ineffective assistance of counsel.

Ineffective-assistance-of-counsel claims are analyzed under the two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984). First, the defendant must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687–88. "This standard is extremely deferential and employs a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' " *United States v. Walton*, 2016 WL 4539941, at *2 (10th Cir. Aug. 30, 2016) (*citing Strickland*, 466 U.S. at 689). Second, the defendant must show that his counsel's deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 692. This means the defendant must show that there is a reasonable probability that, but for his counsel's deficient performance, the result of the proceeding would have been different. *Id.* at 694. The court may dispose of a claim for ineffective assistance of counsel on either part of the *Strickland* standard, as a failure of either component is fatal to the claim. *See Walton,* 2016 WL 4539941, *2.

---

[3] The Tenth Circuit mandate was filed on December 24, 2014. Dkt. 93. The Government has not argued that defendant's § 2255 motion is untimely.

A. <u>Ground One</u>. Defendant argues that his failure to testify at trial "was involuntary, unknowing, and unintelligent; [and was based on] ineffective assistance" of counsel. Dkt. 94 at 4. Defendant argues that he should have testified in order to convey his "thoughts, attitudes, and behavior" to the jury, and that "counsel's decision to not have him testify … eviscerated [the] defense strategy…." *Id*.

Defendant fails to allege any facts that could support a claim of ineffective assistance of counsel concerning the decision not to testify. As the government points out, defendant's suggestion that it was his attorney's decision not to testify is refuted by the record. On more than one occasion the trial judge reminded defendant that it was his choice whether or not to testify. For example, after the jury was excused for a recess toward the end of the government's case, the court remarked in defendant's presence that "I'm sure [defendant] knows that he has a right to testify and he has a right not to testify. And it's his decision." Dkt. 88 at 53. Defense counsel responded that he and the defendant would discuss it over the noon hour and make an announcement. *Id*. At the close of the government's case, again outside the hearing of the jury, defense counsel announced that the defendant would not testify, although "he understands that he can." Dkt. 88 at 79. The judge followed up:

> THE COURT: Well, Mr. Simons has been here before and he knows that you have a right to testify, sir. You know that?
> DEFENDANT: I do, Your Honor. Thank you.
> THE COURT: And you know you have a right not to testify?
> DEFENDANT: Yes, sir.
> THE COURT: And the last question is you know that's your choice?
> DEFENDANT: I understand, sir.
> THE COURT: All right. I know you do. All right.

7

      DEFENDANT: Thank you.

Dkt. 88 at 79.

      The record shows defendant was informed of his rights and understood that it was up to him to decide whether or not to testify. It also shows that defendant was afforded time to discuss his choice with experienced counsel. Defendant is a highly educated person - i.e., a medical school graduate. He does not claim that his attorney failed to inform him of his rights or failed to discuss with him the consequences of his decision. There no allegation that defendant had any trouble understanding his rights or the implications of his choice. In sum, the record refutes defendant's claim that the decision was not knowing and voluntary, or that his counsel was somehow ineffective with respect to his choice.

      B. <u>Ground Two</u>. Defendant's second claim is that he did not have the *mens rea* for the firearms offense but his attorney "failed to present the witnesses or evidence that would have exposed this different mental state to the [jury]." Dkt. 94 at 5. Defendant's motion cites no particular admissible evidence that his counsel failed to present. It mentions two possible witnesses – "Big Mike" and "Brandon Coleman" – but offers nothing to show that these witnesses had probative exculpatory evidence to offer. Defendant's motion also vaguely alludes to a "kidnap plot" and "extortion" but does not explain how these are relevant to the claim of ineffective assistance of counsel. Defendant's reply brief (Dkt. 107) sets forth an elaborate theory of how a host of people involved in child-custody or child-welfare proceedings involving defendant's children conspired against defendant. To the extent the brief is decipherable, the allegations fail

to show that defendant's counsel unreasonably failed to pursue any credible line of investigation or failed to present admissible evidence that likely would have made a difference in the outcome of the trial. As such, the claim shows no possible basis for relief. *See Snow v. Simmons*, 474 F.3d 693, 730, n.42 (10th Cir. 2007) (court cannot conclude that trial counsel was ineffective for failing to call a witness because the petitioner did not show that the witness' testimony would have been favorable); *Moore v. Marr*, 254 F.3d 1235, 1239 (10th Cir. 2001) ("Strategic or tactical decisions on the part of counsel are presumed correct, unless they were completely unreasonable, not merely wrong, so that they bear no relationship to a possible defense strategy"); *United States v. Miller,* 643 F.2d 713, 714 (10th Cir. 1981) (the decision whether to call a witness is a tactical one).

Although not specifically set forth as a claim, defendant also insinuates throughout his filings that defense counsel erred in not focusing on defendant's relationship with his former girlfriend and attempting to show that she or her family orchestrated the firearms charge against him. By implication, he challenges his attorney's decision to file a motion in limine excluding evidence of defendant's often contentious relationship with the girlfriend, as well as their various domestic legal proceedings.  Dkt. 33. This really amounts to second-guessing counsel's strategy because of the jury's verdict. Given ample indications in the record that exposing the jury to defendant's behavior toward his former girlfriend would have been prejudicial to him, this was clearly a reasonable strategic choice on counsel's part. There was nothing unreasonable about counsel's strategy of keeping that prejudicial evidence

9

from the jury and attempting to impeach the credibility of Woodin and Rowley through extensive cross-examination.

C. <u>Ground Three</u>. Defendant's third argument is that he received ineffective assistance of counsel on appeal because his attorney "failed to select the strongest issues for appeal – either those properly preserved in the trial court, or those previously identified as remediable, under plain error review." Dkt. 94 at 7. Defendant identifies no particular issue that his appellate counsel should have pursued. He also fails to allege any facts indicating that the decision not to appeal any particular issue was unreasonable or made a difference in the outcome of the appeal. This claim is entirely conclusory and is denied for that reason. *See United States v. Fisher*, 38 F.2d 1144, 1147 (10th Cir. 1994) (court is "not required to fashion Defendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments"). *See also Cummings v. Sirmons*, 506 F.3d 1211, 1233-34 (10th Cir. 2007) (rejecting ineffective assistance claim based on petitioner's failure to identify counsel's alleged error).

D. <u>Ground Four</u>. Defendant alleges that his trial counsel "failed to investigate or present witnesses who were exculpatory." Dkt. 94 at 8. The only person mentioned in support of this claim is U.S. Probation Officer Toni Corby, whom defendant alleges "[led] a raid that showed the firearm testimony at trial was false." *Id*.

Although the motion does not explain this claim, the record discloses that after the trial, defendant filed a *pro se* motion for "mistrial/acquittal/dismissal" alleging that exculpatory information was withheld from him in the form of a supervised release

10

violation report prepared by U.S. Probation Officer Toni Corby. Dkt. 75.[4] Defendant pointed to a section of the report in which USPO Corby stated:

> Mr. Woodin stated he had revoked Mr. Simons' bond because he had failed to pay him the required fee. USPO Corby asked him if Mr. Simons had, at any time, given him a firearm. Mr. Woodin stated that Mr. Simons had approached him about purchasing a small caliber pistol. Mr. Woodin stated he had the firearm in his possession and had deducted the value from the bond he had recently posted on Mr. Simons' behalf. USPO Corby notified AUSA Alan Metzger of the reports that Mr. Simons had possessed a firearm.

Woodin was a bail bondsman who testified at trial that defendant owed him $2,500 for posting a bond. He said the defendant offered him a semi-automatic handgun as partial payment. Woodin said he accepted the pistol and gave defendant a $500 credit on the debt. Dkt. 87 at 77. In his prior motion, defendant argued that the violation report shows Woodin previously told Corby that the defendant was the one who attempted to purchase a firearm from Woodin, not the other way around. He argued that this contradicts Woodin's trial testimony that defendant sold him the gun in exchange for a $500 credit.

    Defendant seizes on one ambiguous sentence in the violation report as to whether it was Simons or Woodin who was "purchasing a small caliber pistol." But the ambiguity is resolved by the report's accompanying observations that Woodin was now in possession of the firearm, that he deducted the value of it from defendant's debt, and that Corby notified the U.S. Attorney "of the reports that Mr. Simons had possessed a

---

[4] The violation report was filed in *United States v. Simons*, No. 09-10032-01-JTM (D. Kan). The basis of the alleged violation was defendant's possession of the firearm charged in Count 1 of the instant case.

11

firearm." Contrary to defendant's suggestion, the violation report confirms rather than refutes Woodin's trial testimony.

Defendant's additional reference to a "raid" led by USPO Corby apparently refers to a search of defendant's vehicle and residence on or about April 3, 2013, after the Probation Office received information that defendant might be in possession of a gun. That search was referred to in the violation report. *See United States v. Simon*, No. 09-10032-01-JTM (D. Kan.), Dkt. 117. The report states that defendant consented to this search and that no firearm was found. The report goes on to state that a few weeks later, defendant was booked into jail for making a criminal threat to his former girlfriend, and the girlfriend then contacted the Probation Office expressing concern that when defendant was released he might seek to retrieve a firearm he had given his bail bondsman. That call in turn caused USPO Corby to contact Woodin and led to discovery of his assertion that defendant had sold him a handgun.

None of this shows that defendant's trial counsel was ineffective for failing to call USPO Corby as a witness. The fact that a search on April 3, 2013, turned up no firearm does not refute Woodin or Rowley's testimony that they saw defendant in possession of a gun on other dates. Moreover, calling USPO Corby as a witness might have ended up backfiring and inadvertently bolstering Woodin's credibility. Under the circumstances, defendant fails to show that the decision of defense counsel not to call Officer Corby as

a witness was objectively unreasonable, or that not calling this witness likely prejudiced the defense.[5]

E. <u>Ground Five</u>. Defendant's final claim is that his trial counsel was ineffective "because he failed to object to the PSR" and "failed to present facts necessary for mitigation…." Dkt. 94 at 8. The record shows that defense counsel submitted two objections to facts asserted in the PSR (Dkt. 71 at 31) and provided information in mitigation of various other allegations in the PSR (*Id*. at 32). Counsel filed a response successfully challenging the government's attempt to add an enhancement for obstruction of justice. *Id*. at 29. Defense counsel also filed an extensive sentencing memorandum arguing for a reduced sentence. Dkt. 72. At the initial sentencing hearing on February 11, 2014, defense counsel argued mitigating factors on defendant's behalf. Dkt. 91 at 7-9. At the final sentencing hearing on March 3, 2014, defendant represented to the court that he had no additional objections to raise and that he was satisfied with Mr. McCausland's representation. Dkt. 89 at 3. Defense counsel made additional arguments to the court seeking to mitigate the punishment.

Once again, defendant fails to identify any particular issue that counsel should have raised and fails to show any reasonable probability that it would have affected the outcome of the proceedings. Defendant's allegations provide no basis for a claim of ineffective assistance of counsel. On the contrary, the record shows that defense counsel

---

[5] Defense counsel vigorously cross-examined Woodin at trial, and also filed a post-trial motion arguing that Woodin's testimony was not credible. Dkt. 65 at 4-5. The evidence against defendant included not only Woodin's testimony, of course, but also the testimony of James Rowley, who said that he initially purchased the firearm and then sold it to the defendant. The jury also heard evidence of a phone call by defendant at the Sedgwick County Jail which the jury could reasonably construe as an admission by defendant that he had possessed a firearm.

acted in accordance with professional norms and vigorously represented defendant's interests.

**IT IS THEREFORE ORDERED** this 23rd day of January, 2017, that defendant's Motion to Vacate Sentence under § 2255 (Dkt. 94) and related motions (Dkts. 95, 96, 103, and 108) are DENIED.

Under Rule 11 of the *Rules Governing Section 2255 Proceedings*, the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). For reasons indicated above, the court finds that defendant has not satisfied this standard. The court therefore denies a certificate of appealability as to its ruling on this motion.

          ___s/ J. Thomas Marten_____
          J. THOMAS MARTEN, JUDGE