IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

v.

LAWRENCE M. SIMONS,

Case No. 13-10080-JTM (Criminal)
16-1229-JTM (Civil)

Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on defendant's pro se Motion to Reopen the Time for Appeal Pursuant to Title 28 U.S.C. § 2107 (Dkt. 118). For the reasons provided below, defendant's motion is denied.

### I. Procedural History

Defendant Lawrence Simons filed a motion under 28 U.S.C. § 2255 challenging his sentence on June 20, 2016, and a motion to dismiss the indictment and be released from custody on November 3, 2016. The court denied defendant's motions on January 23, 2017, and a copy of the court's memorandum and order was mailed to defendant. (Dkt. 113).

On April 27, 2017, defendant mailed a notice of appeal, which was filed on May 1, 2017. The Tenth Circuit dismissed defendant's appeal for lack of jurisdiction after concluding that defendant's appeal was untimely. The Tenth Circuit noted that defendant claimed excusable neglect in his response to its May 3, 2017 show cause order; however, defendant did not seek or obtain relief from the district court for the

1

lateness of the notice of appeal pursuant to 28 U.S.C. § 2107(c) and Fed. R. App. P. 4(a)(5) and (a)(6). The Tenth Circuit stated that it was "not empowered to extend the time to file a notice of appeal. That power lies with the district court under the narrow terms set out in Rule 4(a)(5)." (Dkt. 117, at 2). The Tenth Circuit further held that defendant's failure to request relief in district court within "the 30-day grace period extinguished his right to appeal beyond revival by either this court or the district court." *Id.*

## II.   Discussion

District courts have limited authority to extend the time for filing a notice of appeal. 28 U.S.C. § 2107(c); Fed. R. App. P. 4(a)(4) (motions that toll the time to file an appeal), (a)(5) (motion for extension of time), (a)(6) (motion to reopen the time to file an appeal). Rule 4(a)(6) allows the court to reopen the time to file a notice of appeal if three conditions are met:

   (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

   (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, *whichever is earlier*; and

   (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6) (emphasis added); *Portley-El v. Milyard*, 365 F. App'x 912, 915–16 (10th Cir. 2010).

Defendant filed his motion to reopen the time to appeal within 180 days after the judgment was entered (175 days), but the court's inquiry does not end there. The court also considers if defendant filed his motion within 14 days after notice of the court's memorandum and order denying his § 2255 motion. *See Portley-El*, 365 F. App'x at 917 (recognizing that the prior version of Rule 4(a)(6)(B) required the district court to apply "*the lesser of* 180 days after the entry of judgment or seven days after the moving party receives notice of such entry[]").

Defendant acknowledges that he received notice of the court's order sometime in late February or early March 2017. (Dkt. 118, at 1). But defendant did not file his motion, or even his April 27, 2017 notice of appeal, until the 14-day window expired. The court recognizes that defendant is pro se, but he must still comply with applicable rules. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.") (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). Because the 14-day window precedes the expiration of the 180-day deadline, it is the date with which defendant had to comply under Rule 4(a)(6)(B). *See Portley-El*, 365 F. App'x at 918. Defendant's motion is untimely, and the court lacks authority to reopen defendant's time to file an appeal.

A certificate of appealability is not warranted in this case because reasonable jurists could not debate whether "the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).

IT IS THEREFORE ORDERED this 27th day of July, 2017, that defendant's pro se Motion to Reopen the Time for Appeal Pursuant to Title 28 U.S.C. § 2107 (Dkt. 118) is denied.

IT IS FURTHER ORDERED that the court will not issue a certificate of appealability in this case.

___s/ J. Thomas Marten_____<br>J. THOMAS MARTEN, JUDGE